Randall B. Bateman (USB 6482)
BATEMAN IP
299 South Main Street, Suite 1300
Salt Lake City, UT 84111
(801) 533-0320
rbb@batemanip.com, mail@batemanip.com

*Attorney for Plaintiff Shen Engineers, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHEN ENGINEERS, INC., a Utah Corporation,<br><br>Plaintiff,<br>vs.<br><br>RICHARD BRIGHTON, an individual, d/b/a BRIGHTON ARCHITECTURAL GROUP,<br><br>Defendant. | **FIRST AMENDED COMPLAINT**<br><br>**JURY DEMAND**<br><br>Case No. 2:22-cv-00624-CMR<br><br>Judge Cecilia M. Romero |

Plaintiff Shen Engineers, Inc. ("Shen") hereby alleges against Defendant Richard Brighton, d/b/a Brighton Architectural Group ("Brighton") as follows:

## PARTIES

1. Plaintiff Shen is a Utah corporation having a principal place of business in Salt Lake County, Utah.

2. On information and belief, Defendant Richard Brighton is an individual residing in Summit County, Utah.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a). Personal jurisdiction is present, as Defendant resides in this district and the actions alleged herein occurred in this district. Supplemental jurisdiction is provided over the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. §§ 1391 and 1400(a), as Defendant resides or is found in this district and the actions complained of occurred in this district.

## GENERAL ALLEGATIONS

5. Shen is a professional engineering firm which provides, among other things, architectural engineering services to house designers and architects.

6. Shen has been providing engineering services to the public in Utah for more than 25 years.

7. Architects and home designers create the floor plans and elevations for a building they desire to be built. Structural engineers like Shen then perform the engineering calculations to ensure that the building has proper structural support and will otherwise be structurally sound. The structural engineers then produce engineering plans with instructions and drawings on how to build the structure to ensure that the building will be structurally sound.

8. If a building which has been engineered by an engineering firm were to collapse, the engineering firm is likely to be sued and may face considerable liability.

9. Brighton provides architectural services under the name Brighton Architectural Group.

10. In 2017 Brighton contracted with Shen to provide engineering plans for five architectural plans that Brighton designed. A copy of engineering plans titled Highstar Cabin 2500 is attached hereto as Exhibit A.

11. A copy of engineering plans titled Highstar Cabin 2800 is attached hereto as Exhibit B.

12. A copy of engineering plants titled Highstar Cabin 2050 is attached hereto as Exhibit C.

13. At no time has Shen ever been an employee of Brighton.

14. Brighton has never paid taxes on behalf of Shen,

15. Brighton has not controlled the location, work hours or means of Shen preparing its engineering plans.

16. Brighton and Shen did not have a written instrument signed by them that any of Shen's work shall be considered a work made for hire.

17. Houses based on Brighton's architectural plans were intended to be built in Kamas, Utah.

18. Shen's standard agreement allows his clients to use Shen's engineering plans for a single building. Each subsequent use requires the payment of a reuse fee and Shen confirms that the engineering plans are appropriate for the second or subsequent building as any modifications may require modification to the engineering plans.

19. Brighton paid for engineering plans for each of the five architectural plans Brighton created and later paid Shen for one reuse for each of two different engineering plans.

20. Unbeknownst to Shen, Brighton assisted his client in obtaining permits to build approximately twenty additional homes using Shen's engineering plans.

21. As part of that effort, Brighton made photocopies of Shen's engineering plans so that they could be used to acquire building permits for Brighton's client to build the additional houses.

22. Brighton's architectural plans for the subsequent houses were not provided to Shen and Shen was not able to confirm that the engineering plans that Shen created for the original plans were appropriate for the subsequent Brighton architectural plans.

23. On information and belief, Brighton made more than twenty photocopies of Shen's engineering plans and used them without Shen's permission so that Brighton's client could obtain building permits.

24. On information and belief, Brighton left Shen's name on each set of engineering plans Brighton made – thereby giving the false impression that Shen was endorsing the structural worthiness of each of the houses.

25. On information and belief, if Shen's name and associated information had not been on the copied engineering plans, they would not have been usable to obtain building permits.

26. Brighton's conduct has created likelihood of confusion as to Shen's endorsement of the photocopied engineering plans and may result in Shen being sued for engineering plans which were used without Shen's permission.

27. On information and belief, Brighton charged his client for reuse of Brighton's architectural plans and Shen's engineering plans for each of the subsequent houses built.

## COUNT I

## (Copyright Infringement, 17 U.S.C. § 501)

28. Plaintiff realleges the allegations set forth above as if fully set forth herein.

29. Shen is the owner of U.S. Copyright Registration No. VA 2-316-352 (the '352 registration) for technical drawings titled Highstar Cabin 2500. A copy of the registration certificate is attached hereto as Exhibit D.

30. Shen is the owner of U.S. Copyright Registration No. VA 2-319-648 (the '648 registration) for technical drawings titled Highstar Cabin 2800. A copy of the registration certificate is attached hereto as Exhibit E.

31. Shen is the owner of U.S. Copyright Registration No. VA 2-319-674 (the '674 registration) for technical drawings titled Highstar Cabin 2050. A copy of the registration certificate is attached hereto as Exhibit F.

32. Shen is the owner of U.S. Copyright Registration No. TX 9-169-886 (the '886 registration) for the text contained in the engineering plans for Highstar Cabin 2500. A copy of the registration certificate is attached hereto as Exhibit G.

33. The Highstar Cabin 2500 technical drawings are the engineering plans prepared for Brighton's architectural plans for the "Summit" design.

34. The Highstar Cabin 2800 technical drawings are the engineering plans prepared for Brighton's architectural plans for the Willow design.

35. The Highstar Cabin 2050 technical drawings are the engineering plans prepared for Brighton's architectural plans for the Gateway design.

36. The Highstar 2500 text is the explanations used in the plans prepared for Brighton's architectural plans for the Summit design and derivatives thereof are used in the other engineering plans created for Brighton by Shen.

37. Brighton had access to the Highstar Cabin 2500 technical drawings and the text as Shen charged Brighton $2500 for a set of the engineering plans and provided the plans to Brighton.

38. Brighton paid Shen $1250 for one reuse of the Highstar 2500 engineering plans.

39. Brighton had access to the Highstar Cabin 2800 technical drawings as Shen charged Brighton for a set of the engineering plans and provided the plans to Brighton.

40. Brighton had access to the Highstar Cabin 2050 technical drawings as Shen charged Brighton for a set of the engineering plans and provided the plans to Brighton.

41. On information and belief, Brighton made approximately fifteen photocopies of the Highstar Cabin 2500 engineering plans without Shen's permission and used them to obtain building permits for houses based on Brighton's architectural plans.

42. On information and belief, Brighton made photocopies of the Highstar Cabin 2800 engineering plans without Shen's permission and used them to obtain building permits for houses based on Brighton's architectural plans.

43. On information and belief, Brighton made photocopies of the Highstar Cabin 2050 engineering plans without Shen's permission and used them to obtain building permits for houses based on Brighton's architectural plans.

44. On information and belief, Brighton made photocopies not accounted for above which used the text from the Highstar Cabin 2500 engineering plans, or derivatives thereof, without Shen's permission and used them to obtain building permits for houses based on Brighton's architectural plans.

45. The photocopies made by Brighton were substantially similar to the originals created by Shen.

46. Wherefore, Shen makes a claim against Brighton for copyright infringement.

## COUNT II

(False Endorsement, 15 U.S.C. § 1125(a))

47. Shen realleges the preceding paragraphs and further alleges:

48. Shen has been operating as Shen Engineers, Inc. in Utah for more than 23 years and has common law rights in the name Shen Engineers, Inc.

49. Shen marks its work product with its name so that the public associates Shen with its work.

50. Brighton made approximately twenty copies of engineering plans created by Shen and pared them with architectural plans drawn by Brighton to obtain building permits.

51. Brighton used the Shen engineering plans to falsely suggest that Shen had approved the plans with which the Shen engineering plans were submitted.

52. The copies made by Brighton contain Shen's name, creating a likelihood of confusion that Shen has endorsed the use of the engineering plans with Brighton's architectural plans.

53. Shen was not given the opportunity to review the Brighton designs with which the Shen engineering plans were used and thus cannot verify that the Brighton plans are structurally sound.

54. Brighton's conduct has exposed Shen to the risk of being sued if one of the houses built according to Brighton's architectural plans were to collapse or be seriously damaged.

55. Wherefore, Shen makes a claim for false endorsement pursuant to the Lanham Act.

## COUNT III

(Breach of Contract)

56. Shen realleges the preceding paragraphs and further alleges:

57. Shen provided engineering plans for architectural plans drawn by Brighton.

58. Pursuant to their agreement, Brighton was allowed a single use of each plan, with any additional uses requiring a reuse fee.

59. Brighton paid for the original engineering drawings and paid Shen reuse fees for one subsequent use of the engineering plans.

60. Thereafter, Brighton made approximately twenty copies of Shen's engineering plans without informing Shen or paying the reuse fees.

61. Shen has requested Brighton to pay for the unauthorized uses, but Brighton has refused.

62. Wherefore, Shen makes a claim against Brighton for breach of contract.

## COUNT IV

### (Unjust Enrichment)

63. Shen realleges the preceding paragraphs and further alleges:

64. Brighton received a benefit by making copies of Shen's work without Shen's authorization.

65. Brighton was aware that Shen charges a reuse fee to use Shen's work for additional structures.

66. On information and belief, Brighton charged his client reuse fees for uses of Shen's work.

67. It would be unjust to allow Brighton to retain the benefit of using Shen's work without Shen's authorization and without compensation to Shen.

68. Wherefore, Shen makes a claim against Brighton for unjust enrichment.

WHEREFORE, Plaintiff prays this Honorable Court:

A. For an award of damages for each infringement of Shen's copyrights pursuant to 17 U.S.C. § 504 in an amount of: (1) Shen's actual damages, and (2) for Defendant's profits.

B. For an impoundment order requiring that all infringing works be destroyed.

C. For an injunction barring Defendant from ever again making copies of Shen's engineering plans without authorization.

D. For an award of damages caused by Brighton's use of Shen's name to create a false endorsement.

E. For injunctive relief against Brighton from using Shen's name or work without authorization.

F. For damages for Brighton's breach of contract.

G. For an award to Shen for Brighton's unjust enrichment.

H. For such other relief as the Court considers just.

I. Plaintiff demands a trial by jury on all matters so triable.

DATED: October 24, 2022.

                                        BATEMAN IP

                                        /s/ Randall B. Bateman
                                        Randall B. Bateman

                                        299 South Main Street, Suite 1300
                                        Salt Lake City, UT 84111

                                        *Attorney for Plaintiff Shen Engineers, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing First Amended Complaint on counsel for Defendant via First Class Mail and email as follows on October 24, 2022:

Robert Aycock
KIMBALL ANDERSON
649 E. South Temple, 2nd Floor
Salt Lake City, UT 84102

Robert@kimballanderson.com

/s/ Randall B. Bateman