Robert E. Aycock (#8878)
William B. Chadwick (#17408)
KIMBALL ANDERSON
649 E. South Temple, 2nd Floor
Salt Lake City, UT 84102
Phone: (801) 359-3333
robert@kimballanderson.com
will@kimballanderson.com

*Attorneys for Defendant Richard Brighton
dba Brighton Architectural Group*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SHEN ENGINEERS, INC., a Utah Corporation<br><br>vs.<br><br>RICHARD BRIGHTON, an individual, d/b/a, BRIGHTON ARCHITECTURAL GROUP,<br><br>    Defendant. | **ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Case No. 2:22-CV-00624-CMR<br><br>Judge Cecilia M. Romero |

Defendant Richard Brighton d/b/a Brighton Architectural Group ("Defendant"), by and through the undersigned counsel, answers the Second Amended Complaint filed by Plaintiff Shen Engineers, Inc. ("Plaintiff") as follows:

## **PARTIES**

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

2. Admit.

## JURISDICTION AND VENUE

3. Admit.

4. Admit.

## GENERAL ALLEGATIONS

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

7. Defendant admits that architects and home designers create floor plans and elevations for buildings they desire to be built in addition to many other responsibilities and tasks. Defendant further admits that architects and home designers often hire structural engineers, provide them with necessary materials and information, and task them with performing the engineering calculations and providing engineering plans for the building. Except as otherwise admitted, deny.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

9. Admit.

10. The exhibit speaks for itself. Except as otherwise admitted, deny.

11. The exhibit speaks for itself. Except as otherwise admitted, deny.

12. The exhibit speaks for itself. Except as otherwise admitted, deny.

13. The exhibit speaks for itself. Except as otherwise admitted, deny.

14. The exhibit speaks for itself. Except as otherwise admitted, deny.

15. Deny.

16. Admit.

17. Admit.

18. Deny.

19. Admit.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

21. Defendant admits that it paid Shen for engineering plans for five model home architectural plans created by Brighton. Except as otherwise admitted, deny.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of what Shen knew and therefore denies the allegations in this paragraph.

23. Deny.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of what Shen knew and therefore denies the allegations in this paragraph.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

## COUNT I
### (Copyright Infringement, 17 U.S.C. §501)

31. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

## COUNT II
### (False Endorsement, 15 U.S.C. §1125(a))

54. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

55. Defendant lacks knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

## COUNT III
### (Breach of Contract)

63. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

64. Admit that Shen purported to have created some engineering plans associated with some of the architectural plans created by Brighton. Except as otherwise admitted, deny.

65. Deny.

66. Defendant admits that it paid the invoices submitted by Shen for the engineering drawings. Except as otherwise admitted, deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

## COUNT IV
### (Unjust Enrichment)

71. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1

Plaintiff fails to state claims for which relief can be granted.

### AFFIRMATIVE DEFENSE NO. 2

Plaintiff's claims are barred, in whole or in part, because there is no damage which stems directly or indirectly from any conduct complained of in the Complaint.

### AFFIRMATIVE DEFENSE NO. 3

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages (should any damages exist).

### AFFIRMATIVE DEFENSE NO. 4

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, implied waiver, acquiescence, equitable estoppel, promissory estoppel, unfair competition, unclean hands, and/or other equitable remedies.

### AFFIRMATIVE DEFENSE NO. 5

Plaintiff's claims are barred, in whole or in part, because it expressly or impliedly authorized (through license, acquiescence, or otherwise) Defendant's alleged use of the allegedly copyrighted works.

### AFFIRMATIVE DEFENSE NO. 6

Plaintiff's claims are barred, in whole or in part, because Defendant had no actual knowledge of the alleged infringement or knowledge of facts or circumstances from which infringing activity is apparent.

## AFFIRMATIVE DEFENSE NO. 7

Plaintiff's claims are barred, in whole or in part, because Defendant did not materially contribute to any alleged infringement.

## AFFIRMATIVE DEFENSE NO. 8

Plaintiff's claims are barred, in whole or in part, because Defendant did not know or intend for their actions to lead to infringement of any of Plaintiff's copyrights.

## AFFIRMATIVE DEFENSE NO. 9

Plaintiff's claims are barred, in whole or in part, by the statutes of limitations established under 17 U.S.C. § 507(b) and Utah Code Ann. §§ 78B-2-307(1), 78B-2-307(3).

## AFFIRMATIVE DEFENSE NO. 10

Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, were proximately caused by acts or omissions, negligence, or intentional acts by third parties over whom Defendant had no control or right of control or, if Defendant had any right of control, were acting beyond the scope of any relationship with Defendant, or such damages were caused by conditions or events over which Defendant had no control or right of control.

## AFFIRMATIVE DEFENSE NO. 11

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's own bad faith or unlawful actions.

## AFFIRMATIVE DEFENSE NO. 12

Plaintiff's claims are barred, in whole or in part, because Defendant's infringement, if there was infringement, was not malicious, deliberate, consciously wrongful, or done in bad faith.

### AFFIRMATIVE DEFENSE NO. 13

Plaintiff's claims are barred, in whole or in part, because there was not an offer, acceptance, or written memorialization between Plaintiff and Defendant requiring payment for alleged re-uses.

### AFFIRMATIVE DEFENSE NO. 14

Plaintiff's claims for unjust enrichment and false endorsement are barred, in whole or in part, because they are preempted by 17 U.S.C. § 301.

### AFFIRMATIVE DEFENSE NO. 15

Plaintiff's claims are barred, in whole or in part, because Defendant acted in good faith and was justified in its actions.

### AFFIRMATIVE DEFENSE NO. 16

Plaintiff's claims are barred, in whole or in part, because Plaintiff inflicted its own harm and through its acts or omissions was the sole cause or the proximate cause of the damages complained.

### AFFIRMATIVE DEFENSE NO. 17

Plaintiff is not entitled to any relief because it has engaged in copyright misuse, including for the purpose of stifling competition.

### AFFIRMATIVE DEFENSE NO. 18

Plaintiff's claims are barred, in whole or in part, because its alleged copyrights are invalid.

### AFFIRMATIVE DEFENSE NO. 19

Plaintiff is not entitled to any monetary relief because the damages sought by Plaintiff are entirely speculative.

### AFFIRMATIVE DEFENSE NO. 20

Defendant's actions and/or conduct are protected by the doctrine of *de minimis* use.

### AFFIRMATIVE DEFENSE NO. 21

Defendant's actions and/or conduct are barred, in whole or in part, under the doctrine of unjust enrichment.

### AFFIRMATIVE DEFENSE NO. 22

Plaintiff's claims are barred, in whole or in part, because the circumstances under which Plaintiff performed any service show an intention and understanding that Plaintiff did not reasonably expect compensation for reuses of its work.

### AFFIRMATIVE DEFENSE NO. 23

Plaintiff's claims are barred, in whole or in part, because any use of Plaintiff's work by Defendant did not contain a false statement or create a false suggestion.

### AFFIRMATIVE DEFENSE NO. 24

Plaintiff's claim for breach of contract is barred, in whole or in part, by the Statute of Frauds.

### AFFIRMATIVE DEFENSE NO. 25

Plaintiff's claim for breach of contract is barred, in whole or in part, by unilateral or mutual mistake.

### AFFIRMATIVE DEFENSE NO. 26

Plaintiff's claim for breach of contract is barred, in whole or in part, by the doctrine of accord and satisfaction.

## RESERVATION OF DEFENSES

Defendant reserves its rights to add further affirmative defenses that may be discovered during the litigation.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE Defendant respectfully requests:

1. Entry of judgment that Defendant has not willfully, directly, vicariously, or contributorily infringed any copyright owned or asserted by Plaintiff;

2. Entry of judgment that Defendant has not induced infringement of any copyright owned or asserted by Plaintiff;

3. Entry of judgment that Defendant has not engaged in False Endorsement under 15 U.S.C. § 1125(a);

4. Entry of judgment that Defendant has not breached any contract between Plaintiff and Defendant;

5. Entry of judgment that Defendant is not liable to Plaintiff under Plaintiff's claim for unjust enrichment;

6. Entry of judgment for costs and reasonable attorney fees incurred by Defendant; and

7. Such other and further relief as the Court may deem appropriate.

DATE: June 9, 2023

KIMBALL ANDERSON

*/s/ Robert E. Aycock*
Robert E. Aycock
William B. Chadwick
*Attorneys for Defendant Richard Brighton
dba Brighton Architectural Group*

## **CERTIFICATE OF SERVICE**

I certify that on June 9, 2023, I caused a true and correct copy of the foregoing **ANSWER TO SECOND AMENDED COMPLAINT** to be filed via the Court's CM/ECF system, which will direct service by email on all counsel of record.

*/s/ Tiffany Hedges*
Tiffany Hedges
